UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MAX PEREZ, SR., as guardian and conservator for ROSE MAZON,<br><br>            Plaintiff,<br>vs.<br><br>HORIZON/CMS HEALTHCARE CORPORATION,<br><br>            Defendant. | No. 98-0804 PK/DJS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff Max Perez, Sr.'s Motion for Remand filed August 7, 1998 (doc. 4). The court, being fully advised in the premises, finds that the motion to remand is well taken and should be granted.

As federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Consequently, a removing defendant bears the burden of establishing federal subject matter jurisdiction. See Carson v. Dunham, 121 U.S. 421, 425-26 (1887); Basso, 495 F.2d at 909. Mr. Perez's original state court complaint provides no basis for diversity or federal question jurisdiction, so the

asserted basis for Defendant's Notice of Removal filed July 2, 1998 (doc. 1), is a proposed amended complaint which has not yet been filed. Because the existence of subject matter jurisdiction must be determined by looking to the complaint as it existed at the time the notice of removal was filed, the court may not rely on this unfiled proposed amended complaint. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); McLeod v. Cities Servs. Gas Co., 233 F.2d 242, 245-46 (10th Cir. 1956). We note that this rule as to the proper timing of our inquiry also makes any leave to amend at this date futile. Removal jurisdiction should be determined on the basis of the claims in the state court complaint rather than determined anew each time a complaint is amended in federal court. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (discussing policy reasons for rule). Accordingly, this court finds it is without subject matter jurisdiction, and the action must be remanded. See 28 U.S.C. § 1447(c).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Max Perez's Motion for Remand filed August 7, 1998 (doc. 4), is GRANTED due to lack of subject matter jurisdiction. This matter is REMANDED to the Eleventh Judicial District Court, McKinley County, New Mexico.

DATED this 14th day of August, 1998 at Santa Fe, New Mexico.

.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Carl Bettinger, Shapiro and Bettinger, LLP, Albuquerque, New Mexico, for Plaintiff.

Michael J. Cadigan, Michael A. Gross & Susan Sullivan, Dines, Gross & Esquivel, P.C., Albuquerque, New Mexico, for Defendant.